IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RAYMOND DAVID LEACH, III                                                              PETITIONER

v.                                No. 2:16-CV-02023

DIRECTOR WENDY KELLEY, Arkansas
Department of Correction                                                                  RESPONDENT

**ORDER**

        The Court has received the report and recommendation (Doc. 56) from United States Magistrate Judge James R. Marschewski. The magistrate judge conducted a hearing on March 2, 2018 and heard testimony from witnesses. The magistrate judge weighed the testimony of the witnesses and made findings of fact in the report and recommendation. The magistrate judge prepared a summary of the testimony from the evidentiary hearing which is made part of the report and recommendation. This Court is required to give de novo review only to those portions of a report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). On March 26, 2018, Petitioner filed objections to the report and recommendation (Doc. 58). Petitioner makes four objections. On April 30, 2018, Respondent filed a response to the objections (Doc. 63).

        Petitioner objects to the magistrate judge's treatment of Ground Six of the petition, arguing that he received ineffective assistance of counsel in connection to the plea-bargaining process. (Doc. 56, p. 12). The testimony from the hearing supports the magistrate judge's finding that while defense counsel made one attempt at a plea bargain, which was rejected by the prosecuting attorney, no formal offer of a plea bargain was ever made by the prosecution. (Doc. 56, p. 12-15). In rejecting this ground for relief, the magistrate judge relied on *Beans v. Black*, 757 F.2d 933 (8th Cir. 1985). There, the Eighth Circuit explained that "[d]efense counsel does not always have a duty to initiate plea bargain negotiations." *Beans*, 757 F.2d at 936. Petitioner argues that *Beans*

1

is distinguishable, and that an earlier decision, *Hawkman v. Parratt*, 661 F.2d 1161 (8th Cir. 1981), suggests that trial counsel was ineffective for not pursuing a plea agreement after the first attempt failed. In *Hawkman*, the court held defense counsel might be ineffective where duplicitous felony counts had been charged and counsel failed to initiate plea negotiations. Here, defense counsel began negotiations and the prosecuting attorney rejected the overture. "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Defense counsel does not have a duty to attempt to force a prosecuting attorney from an intransigent position. *Beans*, 757 F.2d at 936. Because defense counsel attempted to begin plea negotiations, and because the prosecuting attorney did not thereafter make a formal offer, there was no ineffective assistance of counsel. The magistrate judge's analysis of Petitioner's Ground Six is correct.

Petitioner objects to the magistrate judge's treatment of Ground Eight of the petition, arguing that trial counsel failed to procure the attendance and testimony at trial of witnesses material to his defense. (Doc. 56, p. 20). Specifically, Petitioner complains trial counsel was ineffective for failing to call a number of witnesses who would have testified that another witness, Tyler Prine, said on the night of the murder that he would "get" the victim for stealing marijuana, and that the victim was overheard to ask Petitioner to protect him because the victim was scared of Tyler Prine. (Doc. 1, pp. 53–55) An attorney has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Whitmore v. Lockhart*, 8 F.3d 614, 618-619 (8th Cir. 1993) (citation omitted). "To establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony 'would have probably changed the outcome of the trial.'"

*Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996) (citation omitted). Petitioner cannot make this showing if the testimony of the uncalled witnesses would have been inadmissible. *See, e.g., Sherron v. Norris*, 69 F.3d 285, 290–91 (8th Cir. 1995) (considering only admissible evidence in determining whether a decision not to call a witness was prejudicial).

The magistrate judge determined that the trial court held a pretrial hearing concerning the relevance of the proposed witnesses' testimony. Petitioner argues that the trial court did not rule on the relevance of the uncalled witnesses' testimony, but only ordered that Tyler Prine be kept in a separate part of the courthouse from them during trial based on their pretrial testimony that Prine had threatened them. Respondent argues that Petitioner's claims about what the uncalled witnesses would have stated are too conclusory to meet the *Strickland* standard. It appears Petitioner is correct that the trial court did not rule on relevance. (Doc. 9-4, pp. 71–80). Respondent is correct, however, that Petitioner cannot show prejudice. The proffered testimony—statements allegedly made by the victim that Tyler Prine was out to "get" him and that Petitioner should protect him—would have been excluded as hearsay, and no exception would have applied. The victim's statements were not made while the victim believed his death was imminent, Ark. R. Evid. 804(b)(2), and there is no question that another hearsay exception might apply. Thus, the only proffered testimony of the uncalled witnesses would have been inadmissible hearsay.

Petitioner objects to the magistrate judge's decision to deny Petitioner's motion for leave to amend his petition to add claims that trial counsel was ineffective because she was on illegal controlled substances before and during trial, and as a result elected not to call a retained expert witness, failed to effectively cross-examine Tyler Prine, failed to preserve a claim of error for review on appeal, failed to call a witness who would have testified that the victim said he did not want to be alone with Tyler Prine because he feared Prine would kill him. The magistrate judge

3

denied Petitioner's motion as an untimely attempt to assert new claims. The Court agrees that most of these are new claims of ineffective assistance, and the magistrate judge's ruling was correct. *See DeCoteau v. Schweitzer*, 774 F.3d 1190, 1192 (8th Cir. 2014) (holding one-year limitations period applies on a claim by claim basis). The last claim of ineffective assistance, regarding failure to call the witness who would have testified regarding the victim's statement that he feared Prine would kill him seems more like an expansion of Ground Eight of the initial petition than a new claim. Like the other testimony of uncalled witnesses, the testimony here would have been inadmissible. Amendment would therefore be futile, and the magistrate judge correctly denied the amendment.

Petitioner objects to the magistrate judge's decision to deny Petitioner's motion for leave to amend his petition to add a claim that trial counsel was ineffective because she had a conflict of interest as a result of relationships she had maintained with a former prosecutor and Arkansas Attorney General. The magistrate denied the motion because Petitioner offered no facts to show how this alleged conflict of interest would have adversely affected his trial counsel's performance. Petitioner's objection argues that Petitioner has suggested previously that the conflict affected the plea bargain process. Assuming the truth of the allegations, Petitioner's argument here is rejected for the same reason that his argument on Ground Six is rejected. Plea negotiations were initiated with the prosecutor, who rejected them out of hand and never made a formal offer. Defense counsel had no duty to try and force the prosecutor to change his mind.

IT IS THEREFORE ORDERED that the report and recommendation (Doc. 56) is ADOPTED as set forth herein.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus (Doc. 1) is DENIED and this case is DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 11th day of May, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE